UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

**Plaintiff**

**vs.**

**CIVIL NO.**

**Jamey J. Bickley**
**Raymond L. Bickley, IV a/k/a Raymond**
**Bickley, IV**

**Defendants**

## **COMPLAINT**

The United States of America, on behalf of its Agency, the Rural Housing

Service, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP,

P.C., represents as follows:

1.     This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.     The last-known addresses of the Defendants, Jamey J. Bickley is 3619

Woodhill Drive, Brandon, FL 33511 and Raymond L. Bickley, IV a/k/a Raymond

Bickley, IV is 56 Canal Street, Leesport, PA 19533 ("Defendants").

3.     On or about October 29, 1993, at the special instance and request of Jamey

J. Bickley and Raymond L. Bickley, IV a/k/a Raymond Bickley, IV, the United States of

America, acting through the Under Secretary of Rural Development, on behalf of the

Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to

the Defendants the sum of $79,500.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.      As evidence of the indebtedness, Defendants executed and delivered to the Plaintiff, a Promissory Note dated October 29, 1993 in the amount of $79,500.00.  A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.      Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about October 29, 1993, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on November 12, 1993 with the Office of the Recorder of Deeds, Berks County, Pennsylvania, in in Book 2476, page 1775.  A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.      The Promissory Note dated October 29, 1993 was re-amortized on June 28, 2004, in the amount of $77,457.59.

7.      The original Re-amortization Agreement referred to above has been either lost or misplaced and, in any event, cannot be located. In substitution, we are enclosing a copy of the Re-amortization, together with an attached Affidavit of Lost Re-amortization Agreement, marked Exhibits "C" ("Re-amortization Agreement") and "D" ("Affidavit of Lost Re-amortization Agreement").

8.      The Promissory Note dated October 29, 1993 was re-amortized on August 28, 2014, in the amount of $75,087.01. A true copy of the re-amortization agreement is attached and incorporated as Exhibit "E" ("Re-amortization Agreement").

9.    Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

10.    The property secured by the Mortgage is known as 56 Canal Street Leesport, PA 19533 and is more fully described in the legal description attached and incorporated as Exhibit "F" ("Property"). The property subject to foreclosure is within the jurisdiction of this Court.

11.    The Note and Mortgage are in default as Defendants have failed or refused to comply with the provisions of the Note and Mortgage, as follows:  (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

12.    Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

13.    The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $67,458.94 |
| Interest from 06/28/2016 to 04/02/2019 at 7.2500% | $13,506.54 |
| Interest Recapture | $60,089.69 |
| Late Charges | $87.80 |
| | $141,142.97 |
| Escrow / Impound Required | +$10,193.90 |
| Fees Required with Payoff Funds | +$28.73 |
| Fees Currently Assessed | +$235.61 |
| | $151,601.21 |

14.    Notice of Intention to Foreclose pursuant to Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as

amended in 2008), and/or Notice of Intention to Foreclosure as required by the terms of the Mortgage, as applicable, have been sent to the Defendant(s). Copies of the notice(s), redacted to remove confidential account information, are attached hereto as Exhibit "G" and made a part hereof.

15.     No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred.   Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same;   the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By:_____
Rebecca A. Solarz
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
(215)825-6443
RSolarz@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **Jamey J. Bickley**<br>**Raymond L. Bickley, IV a/k/a Raymond**<br>**Bickley, IV** | |
| **Defendants** | |

# <u>EXHIBITS</u>

"A"  NOTE
"B"  MORTGAGE
"C"  RE-AMORTIZATION AGREEMENT
"D"  AFFIDAVIT OF LOST RE-AMORTIZATION
AGREEMENT
"E"  RE-AMORTIZATION AGREEMENT
"F"  PROPERTY
"G"  NOTICE OF INTENTION TO FORECLOSE and NOTICE
OF HOMEOWNER'S EMERGENCY MORTGAGE
ASSISTANCE PROGRAM

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

COPY

| TYPE OF LOAN |
|---|
| 502 RURAL HOUSING LOAN |

| STATE | |
|---|---|
| | PENNSYLVANIA |
| COUNTY | |
| | BERKS |
| CASE NO. | ███████ |

Date _____ 10/29 _____, 19 93.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ LEESPORT, PENNSYLVANIA 19533 _____

THE PRINCIPAL SUM OF SEVENTY-NINE THOUSAND FIVE HUNDRED AND 00/100 ------------------

DOLLARS ($ __79,500.00_____ ), plus INTEREST on the UNPAID PRINCIPAL of

SEVEN AND ONE-QUARTER _____ PERCENT ( __07.2500__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in _____396_____ installments as indicated in the box below:

| | |
|---|---|
| $____530.00____ on ____11/28____ , 19 93, and | |
| $____530.00____ thereafter on the 28th of each __month__ | |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE __Thirty-three__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT A

NOV - 5 1993

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations 7 CFR

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
RAYMOND L. BICKLEY, IV  (BORROWER)

_____ (SEAL)
JAMEY J. BICKLEY      (CO-BORROWER)


56 Canal Street
_____

Leesport, PA  19533
_____


| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 79,500.00 | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 79,500.00 | 10/29/93 |

NOV - 5 1993

*Position 5*

USDA-FmHA
Form FmHA 1927-1 PA
(Rev. 8-92)

## REAL ESTATE MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE is made and entered into by <u>Raymond L. Bickley, IV and</u>

<u>Jamey J. Bickley, his wife</u>

residing in <u>Berks</u> County, Pennsylvania, whose post office address is

<u>257 East Shackamaxon Street, Leesport</u>, Pennsylvania <u>19533</u>,
herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 10/29/93 | $79,500.00 | 7.25 | 10/28/26 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of

Pennsylvania, County(ies) of <u>Berks</u>

FmHA 1927-1 PA (Rev. 8-92)

VOL 2476 PAGE 775

EXHIBIT B

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended. BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23) THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN: AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other is address is designated in a notice so given, in the case of the Government to Farmers Home Administration, One Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17110-2996, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____29_____ day of ___October___, 19_93_.

Signed, sealed, and delivered in the presence of:

_____ Nolte _____                    X _Raymond L. Bickley II_ (SEAL)

_____              X _Nancy J. Bickley_ (SEAL)

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA }
COUNTY OF __Berks__ } ss:

On this __29__ day of __October__, 19_93_, before me, the undersigned, a Notary Public in and for said State and County, personally appeared _Raymond L. Bickley II and Nancy J. Bickley_

known (or satisfactorily proved) to me to be the person(s) whose name(s) __are__ subscribed to the within instrument, and acknowledged to me that __they__ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires _____        _Bridget Nolte_
                                                       Notary Public.

(NOTORIAL SEAL)

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

USDA, FARMERS HOME ADMINISTRATION
P.O. BOX 520
LEESPORT, PA 19533-0520

For Mortgagee

*U.S. Government Printing Office: 1992 — 657-415

NOTARIAL SEAL
BRIDGETT L. FONTE, Notary Public
Reading, Berks County, PA
My Commission Expires Jan. 10, 1994

VOL 2476 PAGE 178

# SCHEDULE "C"

NUMBER: 5657-SA

ALL THAT CERTAIN Lot or piece of ground with the improvements thereon erected Situate in Leesport Borough, Berks County, Pennsylvania, bounded and described according to a Revision to Leesport Locks Townhouses, drawn by John W. Hoffert, Professional Land Surveyor, dated August 23, 1988, said Plan recorded in Berks County in Plan Book _____, page _____, as follows, to wit:

BEGINNING at a point in a curve in the west topographical building line of Canal Street (thirty feet (30.00') wide) a corner in common with Lot Number 3 on said plan, said point of beginning located 86.94 feet southeasterly along said curve from a steel pin located at a common corner of Lot #1 and the lands now or formerly of Fred B. Kline and Lottie E. Kline, his wife, said point being the northwesternmost corner of the herein described lot; thence extending in a southeasterly direction along the west topographical building line of Canal Street the two (2) following directions and distances: (1) along the arc of a curve deflecting to the left, having a radius of 665.38 feet, a distance along the arc of 24.87 feet to a steel pin, and (2) South 39° 01' 14" East 12.00 feet to a point a corner in common with Lot Number 5 on said plan; thence along same South 50° 58' 46" West 117.36 feet to a point in line of property belonging to Berks County Industrial Development Authority; thence along same North 39° 37' 51" West 45.08 feet to a point a corner in common with Lot Number 3 on said plan; thence along same North 54° 56' 56" East 118.58 feet to a point the place of BEGINNING.

CONTAINING in area 4,822 square feet.

BEING Lot No. 4 as shown on the abovementioned Plan.

BEING THE SAME PREMISES WHICH STOBER, LTD., A PA. CORP., AND PATRICK T. KEMP, CO-PARTNERS , by Deed dated 10/20/88 and recorded 12/2/88 in Record Book Volume 2040, Page 2096, Berks County records, granted and conveyed unto GERALD C. GRINDROD AND KATHLEEN M. GRINDROD, HIS WIFE .

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
June 28, 2004

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $      79500.00, plus interest on the unpaid principal of
   7.25000% per year, executed by RAYMOND BICKLEY IV _____ and
JAMEY J BICKLEY _____, (Borrower) dated   October 29,   1993
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $   77457.59.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  7.25000%
per annum at $     584.26 per month beginning     July 28, 2004 and on
THE 28th DAY OF each succeeding month until the principal
AND INTEREST ARE PAID, EXCEPT THAT THE final installment of the
entire debt, if not paid sooner, will be due and payable on
   October 28, 2026.

If the outstanding loan balance prior to reamortization was reduced
by a payment which was later determined to be uncollectible, Rural
Housing Service will charge the account with an amount equal to the
uncollectible payments.  This amount is due and payable on the
effective date it is charged to the account and may accrue interest
at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

EXHIBIT C

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge.  However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date _____
Borrower

_____ Date _____
Borrower

AFFIDAVIT OF LOST REAMORTIZATION AGREEMENT

STATE OF MISSOURI          )
                           )
COUNTY OF ST. LOUIS        )

I, Thomas B. Herron, being first duly sworn, say:

1.   I am the Director of the Default Management Branch of the Rural Housing
     Service, and have been duly authorized by the Secretary of the Department of
     Agriculture to make this Affidavit.

2.   **Raymond Bickley IV and Jamey J. Bickley**, executed a certain Reamortization
     Agreement dated June 28, 2004, in the principal amount of $79,500.00, which is
     payable to the United States of America, acting through the Rural Housing
     Service, United States Department of Agriculture (formerly known as the Farmers
     Home Administration).  A copy of the form of said Reamortization Agreement is
     attached hereto and made a part hereof.

3.   After due and diligent search, a signed copy of the aforesaid Reamortization
     Agreement cannot be found and is presumed lost.

4.   I acknowledge and hereby state on behalf of the United States of America that the
     aforementioned borrower(s), **Raymond Bickley IV and Jamey J. Bickley**, are
     presently obligated on said Reamortization Agreement.

I certify that the foregoing statements made by me are true. I am aware that if any of the
aforesaid statements made by me are willfully false, I am subject to punishment for perjury.

Date:   August 13, 2019

                                        _____
                                        Thomas B. Herron
                                        Director, Default Management Branch
                                        Rural Housing Service
                                        U. S. Dept. of Agriculture

Sworn to and subscribed to before me this _13_ day of _August_, 2019.

     (SEAL)                             _____
                                        Notary Public
My commission expires: _10/19/22_

JULIE A. BUSH
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 14630856
My Commission Expires 10-19-2022

EXHIBIT D

## REAMORTIZATION AGREEMENT

Account Number                                Effective Date
                                              August 28, 2014

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $     79500.00, plus interest on the unpaid principal of
    7.25000% per year, executed by <u>RAYMOND BICKLEY IV</u>             and
<u>JAMEY J BICKLEY</u>            , (Borrower) dated   October 29,   1993
and payable to the order of the Lender.   The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.   The total outstanding balance is $     75087.01.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  7.25000%
per annum at $     775.50 per month beginning September 28, 2014 and on
the 28th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
    October 28, 2026.

If the outstanding loan balance prior to reamortization was reduced
by a payment which was later determined to be uncollectible, Rural
Development will charge the account with an amount equal to the
uncollectible payments.   This amount is due and payable on the
effective date it is charged to the account and may accrue interest
at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.   These items are called "Escrow Items."   Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.   If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.   Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.



RECEIVED

SEP 3 0 2014

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Raymond Z Buckley_ Date _9 23 14_
Borrower

_Marcia Kuroski Buckley_ Date _9/3/14_
Borrower

# SCHEDULE "C"

NUMBER: 5657-SA

ALL THAT CERTAIN Lot or piece of ground with the improvements thereon erected Situate in Leesport Borough, Berks County, Pennsylvania, bounded and described according to a Revision to Leesport Locks Townhouses, drawn by John W. Hoffert, Professional Land Surveyor, dated August 23, 1988, said Plan recorded in Berks County in Plan Book _____, page _____, as follows, to wit:

BEGINNING at a point in a curve in the west topographical building line of Canal Street (thirty feet (30.00') wide) a corner in common with Lot Number 3 on said plan, said point of beginning located 86.94 feet southeasterly along said curve from a steel pin located at a common corner of Lot #1 and the lands now or formerly of Fred B. Kline and Lottie E. Kline, his wife, said point being the northwesternmost corner of the herein described lot; thence extending in a southeasterly direction along the west topographical building line of Canal Street the two (2) following directions and distances: (1) along the arc of a curve deflecting to the left, having a radius of 665.38 feet, a distance along the arc of 24.87 feet to a steel pin, and (2) South 39° 01' 14" East 12.00 feet to a point a corner in common with Lot Number 5 on said plan; thence along same South 50° 58' 46" West 117.36 feet to a point in line of property belonging to Berks County Industrial Development Authority; thence along same North 39° 37' 51" West 45.08 feet to a point a corner in common with Lot Number 3 on said plan; thence along same North 54° 56' 56" East 118.58 feet to a point the place of BEGINNING.

CONTAINING in area 4,822 square feet.

BEING Lot No. 4 as shown on the abovementioned Plan.

BEING THE SAME PREMISES WHICH STOBER, LTD., A PA. CORP., AND PATRICK T. KEMP, CO-PARTNERS , by Deed dated 10/20/88 and recorded 12/2/88 in Record Book Volume 2040, Page 2096, Berks County records, granted and conveyed unto GERALD C. GRINDROD AND KATHLEEN M. GRINDROD, HIS WIFE .



**United States Department of Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
*(800) 793-8861 (Voice)*
*(800) 438-1832 (TDD/TTY Hearing Impaired Only) or*
*(314) 457-4450 (FAX)*



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

RAYMOND BICKLEY IV
56 CANAL ST
LEESPORT          PA 19533-0021          BCC

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT TO
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   RAYMOND BICKLEY IV

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness.** If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| ▇▇▇▇▇ | 10/29/93 | 79500.00 |

**The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS, so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation. However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.**

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows: MONETARY DEFAULT

The balance of the account is unpaid principal in the amount of $  67458.94          and unpaid
interest in the amount of $ 2137.91          , as of   11/28/16   plus additional interest accruing at
the rate of  $  13.3994          per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

*SH000043O1* L90S1BCC

EXHIBIT G

<u>You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.</u>

<u>You may cure your monetary default by paying the total of all the following charges:</u>



- **Pay $ 4432.71           , the current delinquency, plus additional payments which come due each month following this notice.**

- **Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.**

- **Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.**

<u>You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind. You may reinstate not more than three times in any one calendar year.</u>

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to USDA/RD and delivered to the Centralized Servicing Center at the above address. The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose. The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter. Payment of the indebtedness should be made by cashier's check, or postal money order payable to the USDA/RD and mailed to USDA-Rural Development, P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 12/13/16    . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)



**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** -If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:   11/28/16
Attachment
CC:   State Office

This letter was mailed certified and regular mail on   11/28/16 .




# APPEALS RIGHTS ATTACHMENT



If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,   send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA - Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861(Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JAMEY J BICKLEY
C/O JAMEY J NEWPHER
3619 WOODHILL DR
BRANDON          FL 33511

BCC

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT TO
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   JAMEY J BICKLEY

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness.** If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| ▇▇▇▇▇ | 10/29/93 | 79500.00 |

**The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS, so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation. However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.**

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows: MONETARY DEFAULT

The balance of the account is unpaid principal in the amount of $ 67458.94        and unpaid
interest in the amount of $ 2137.91          , as of   11/28/16   plus additional interest accruing at
the rate of $ 13.3994        per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

**You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.**

**You may cure your monetary default by paying the total of all the following charges:**



- **Pay $  4432.71            , the current delinquency, plus additional payments which come due each month following this notice.**

- **Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.**

- **Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.**

**You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind. You may reinstate not more than three times in any one calendar year.**

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to USDA/RD and delivered to the Centralized Servicing Center at the above address. The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose. The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter. Payment of the indebtedness should be made by cashier's check, or postal money order payable to the USDA/RD and mailed to USDA-Rural Development, P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than  12/13/16   . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**  -If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.



If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s);  (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval.  Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract).  You cannot be denied a loan because all or a part of your income is from a public assistance program.  If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act.  The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time.  Please refer to your Account number when you write or call us.  Thank you.


UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture


Date:    11/28/16
Attachment
CC:    State Office


This letter was mailed certified and regular mail on    11/28/16 .





# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration, send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA - Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457

**Date:**June 13, 2019

# Act 91 Notice*

## La Notificación de Acto 91*

## <u>Save Your Home From Foreclosure</u>

This is an official Act 91 Notice. You are receiving this notice because Pennsylvania law requires mortgage lenders to send it to homeowners facing foreclosure. This notice contains important legal information about your rights and how you can save your home. **YOU MAY BE ELIGIBLE FOR STATE FUNDED ASSISTANCE** from the Homeowner's Emergency Mortgage Assistance Program (HEMAP), a program of the Pennsylvania Housing Finance Agency (PHFA).

**CALL A COUNSELING AGENCY FOR A MEETING.**
**APPLYING FOR HEMAP MAY TEMPORARILY STOP A FORECLOSURE ACTION.**

To apply, you **must** have a face-to-face meeting with a HEMAP-approved Consumer Credit Counseling Agency **within 33 days** of the date of this notice. This meeting is free and is the only way to apply for HEMAP. A list of approved Counseling Agencies is attached. A list is also available at **http://www.phfa.org/counseling/hemap.aspx**. If after speaking with a Counseling Agency you have further questions about HEMAP, please call 1 (800) 342-2397. Individuals with hearing impairment may call 711 (RELAY).

To make sure you meet the deadline, please call a Counseling Agency **immediately** to schedule a face-to-face meeting. Take this entire Act 91 Notice, including the attached Account Summary, with you to your face-to-face meeting. A counselor can:

- Help you apply for HEMAP and explain how the program works.
- Talk with your lender about a loan modification or other repayment plan.
- Explain possible options to avoid foreclosure such as loss mitigation, refinancing your loan, selling or transferring your property to a third party or having a third party cure the delinquency on your behalf through a short sale or assumption of mortgage.
- Provide referrals for other assistance, programs or services.
- Explain other rights you may have, including your right to assert the non-existence of the debt and any other defenses you may have.

Even if you miss the deadline, you may still apply for HEMAP, but a late HEMAP application will not stop your lender from foreclosing. However, if your application is approved, a HEMAP assistance loan will bring your mortgage current and stop the foreclosure. HEMAP may also temporarily help you make future mortgage payments.

Alternatively, you may save your home from foreclosure by curing your default. That means paying your lender all amounts currently due, including reasonable late charges, attorney fees and other costs and by otherwise fulfilling your mortgage obligations. You may cure the default at any time up to one hour before a Sheriff's Sale, up to three times in any calendar year.

If you have filed a petition in **bankruptcy**, this notice is provided for informational purposes only and is not an attempt to collect a debt. If you are protected by a bankruptcy filing you may still apply for HEMAP assistance.

*CONSULTE AL DORSO LA TRADUCCIÓN DE ESTA NOTIFICACIÓN IMPORTANTE, O LLAME AL 1.800.342.2397.

**Fecha:** June 13, 2019

# Notificación sobre la Ley 91*

### Act 91 Notice*

## Salve a su Hogar de la Ejecución Hipotecaria

La presente es una notificación oficial sobre la Ley 91. Usted está recibiendo esta notificación porque la ley de Pennsylvania requiere que los prestamistas hipotecarios la envíen a los propietarios de viviendas que se encuentren enfrentando una ejecución hipotecaria. Este aviso contiene información legal importante acerca de sus derechos y de lo que puede hacer para salvar su hogar. **ES POSIBLE QUE SEA ELEGIBLE PARA OBTENER AYUDA CON FONDOS ESTATALES** del Programa de Asistencia de Emergencia Hipotecaria para Dueños de Hogares (HEMAP, por sus siglas en inglés), un programa de la Agencia de Financiamiento de Hogares de Pennsylvania (PHFA, por sus siglas en inglés).

### LLAME A UNA AGENCIA DE ASESORAMIENTO PARA CONCERTAR UNA REUNIÓN. LA SOLICITUD PARA EL HEMAP PUEDE DETENER DE FORMA TEMPORARIA LA EJECUCIÓN DE UNA HIPOTECA.

Para presentar su solicitud, <u>debe</u> celebrar una reunión presencial con una Agencia de Asesoría Crediticia para el Consumidor aprobada por el HEMAP, <u>antes de que transcurran 33 días,</u> a partir de la fecha de esta notificación. Esta reunión es gratuita y es la única manera de solicitar el HEMAP. Se adjunta una lista de Agencias de Asesoría aprobadas. También puede encontrar una lista en **http://www.phfa.org/counseling/hemap.aspx.** Si luego de hablar con una Agencia de Asesoría tiene alguna pregunta sobre el HEMAP, por favor llame al 1 (800) 342-2397. Las personas con discapacidades auditivas pueden llamar al 711 (RELÉ).

Con el fin de asegurar que cumpla con el plazo, por favor llame a una Agencia de Asesoría y programe una reunión presencial **de inmediato.** Lleve esta Notificación sobre la Ley 91, junto con el Resumen de Cuenta adjunto, a su reunión presencial. Un asesor puede:

- Ayudarlo a presentar su solicitud al HEMAP y explicarle cómo funciona el programa.
- Hablar con su prestamista acerca de una modificación del préstamo u otro plan de pago.
- Explicarle las opciones posibles para evitar la ejecución de la hipoteca, como la mitigación de pérdidas, la refinanciación del préstamo, la venta o transferencia de su propiedad a un tercero, o que un tercero pague el atraso en su nombre, a través de una venta al descubierto o asumiendo la hipoteca.
- Derivarlo a otro tipo de asistencia, programa o servicio.
- Explicarle otros derechos que pueda tener, incluido su derecho de reivindicar la no existencia de la deuda y cualquier otra defensa que tenga.

Incluso si no cumple con el plazo, es posible presentar su solicitud para el HEMAP, pero la solicitud tardía al HEMAP no impedirá que su prestamista ejecute la hipoteca. Sin embargo, si se aprueba su solicitud, el préstamo de ayuda del HEMAP pondrá su hipoteca al día y detendrá la ejecución. El HEMAP también puede ayudarlo, de manera temporal, a realizar los pagos de hipoteca futuros.

También puede optar por la alternativa de subsanar el incumplimiento para salvar a su hogar de la ejecución hipotecaria. Eso significa pagarle a su prestamista todos los montos adeudados a la actualidad, incluidos los cargos moratorios, los honorarios de abogados y otros costos razonables, y cumplir con sus obligaciones hipotecarias. Puede subsanar el incumplimiento en cualquier momento, hasta una hora antes de la subasta judicial, un máximo de tres veces por cada año calendario.

Si usted ha presentado una solicitud de quiebra, esta notificación se proporciona solo con fines informativos y no es un intento de cobrar una deuda. Usted puede solicitar la ayuda del HEMAP, incluso si está protegido por una declaración de quiebra.

*SEE REVERSE SIDE FOR TRANSLATION OF THIS IMPORTANT NOTICE OR CALL 1.800.342.2397.

**Date:** June 13, 2019

## ACT 91 NOTICE
### Account Summary

# Your Loan Details:

| | |
|---|---|
| Name(s) on Account: | Jamey J. Bickley and Raymond L. Bickley, IV a/k/a Raymond Bickley, IV |
| Address of Mortgaged Property: | 56 Canal Street Leesport, PA 19533 |
| Account Number: | ██████ |

# How to Contact Your Lender:

| | |
|---|---|
| Current Lender or Servicer: | USDA-RD |
| Lender or Servicer Address: | 4300 Goodfellow Boulevard Bldg. 105, FC 215 St Louis, MO 63120 |
| Lender or Servicer Phone Number: | 1-████████ |
| Contact Person: | Cathy Diederich |
| Phone Number: | 1████████ |
| Fax Number: | 1-███████ |
| Email: | cathy.diederich@stl.usda.gov |

# Default Information:

| | |
|---|---|
| Monthly Payments Missed: | 07-28-2016 to June 13, 2019 |
| Total Amount Past Due: | |

| | |
|---|---|
| Principal, Interest & Escrow | $39,720.71 |
| Escrow Shortages | $10,193.90 |
| Property Inspections | $311.51 |
| Interest Charges | $63.46 |
| Late Charges | $87.80 |
| Less Subsidy | -$1,133.45 |
| | |
| Reinstatement Total | $49,243.93 |

***Please be aware that fees and costs may continue to accrue through the duration of the delinquency.***

**Date:** June 13, 2019

## How to Cure the Default:

| | |
|---|---|
| Within 30 Days of the Date on This Notice: | Pay **$49,243.93**, plus any payment and other charges that have become due to your lender or servicer by cash, cashier's check, certified check or other means acceptable to both parties. |
| Send Payment and Make Payable to: | USDA-RD<br>PO Box 790170, St. Louis, MO 63179-0170 |
| To Cure "Other Default": | N/A |
| Is the Mortgage Assumable? | No |

# HEMAP Consumer Credit Counseling Agencies

## BERKS County
Report last updated: 04/04/2019 08:16 AM

**Advantage Credit Counseling Service/CCCS of Northeastern PA**
(call for details)
Stroudsburg, PA  18360
888-511-2227

**Budget Counseling Center**
247 North Fifth St
Reading, PA  19601
610-375-7866

**Neighborhood Housing Services of Greater Berks, Inc.**
213 N 5th St
Suite 1030
Reading, PA  19601
610-372-8433

**American Credit Counseling Institute (ACCI)**
100 Porter Rd
Suite 108
Pottstown, PA  19464
888-212-6741

**Community Action Committee of the Lehigh Valley**
1337 East Fifth St
Bethlehem, PA  18015
610-691-5620

**Schuylkill Community Action**
225 N. Centre St
Pottsville, PA  17901
570-622-1995

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19 3711

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| The United States of America | Jamey J Bickley & Raymond L Bickley, IV a/k/a Raymond Bickley, IV<br>56 Canal Street<br>Leesport PA 19533 |
| **(b)** County of Residence of First Listed Plaintiff ____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Berks<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>KML Law Group, P C. - Rebecca A. Solarz, Esquire<br>701 Market Street, Ste 5000, Phila , PA 19106<br>215-627-1322, RSolarz@kmllawgroup com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

X 1 U S Government
  Plaintiff

' 2 U S Government
  Defendant

' 3 Federal Question
  *(U.S. Government Not a Party)*

' 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ' 1 | X 1 | Incorporated *or* Principal Place<br>of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated *and* Principal Place<br>of Business In Another State | ' 5 | 5 |
| Citizen or Subject of a<br>Foreign Country | ' 3 | 3 | Foreign Nation | ' 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>X 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer w/Disabilities-<br>Employment<br>☐ 446 Amer w/Disabilities-<br>Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | ☐ 870 Taxes (U S Plaintiff or<br>Defendant)<br>☐ 871 IRS - Third Party<br>26 USC 7609 | ☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

AUG 16 2019

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  Another District
  *(specify)*

☐ 6 Multidistrict
  Litigation -
  Transfer

☐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42USC1471
Brief description of cause
**Action of Mortgage Foreclosure**

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F R Cv P | DEMAND $ | CHECK YES only if demanded in complaint.<br>JURY DEMAND: ☐ Yes X No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions)* JUDGE _____ | DOCKET AUG 16 2019 |
|---|---|---|

| DATE 8/14/19 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

NUMBER

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19 3711**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 19106-1532

Address of Defendant: 56 Canal Street Leesport, PA 19533

Place of Accident, Incident or Transaction: ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge. _____ Date Terminated. _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | Yes | No |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | | ✔ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | | ✔ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | | ✔ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | | ✔ |

I certify that, to my knowledge, the within case ☐ is ☒ not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE __8/14/19__  _____ 315936
Attorney-at-Law / Pro Se Plaintiff         Attorney I D # (if applicable)

---

**CIVIL: (Place a ✓ in one category only)**

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
  *(Please specify)* Foreclosure of property encumbered by a fe

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability - Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Rebecca A. Solarz ___, counsel of record *or* pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☒ Relief other than monetary damages is sought.

AUG 16 2019

DATE __8/14/19__  _____ 315936
Attorney-at-Law / Pro Se Plaintiff         Attorney I D # (if applicable)

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                  Plaintiff<br><br>vs.<br><br>Jamey J. Bickley<br>Raymond L. Bickley, IV a/k/a Raymond Bickley, IV<br>                Defendants | CIVIL ACTION NO.<br><br>**19      3711** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

8/14/2019
Date

**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-6443
rsolarz@kmlllawgroup.com

AUG 16 2019